UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

RICHARD WEST,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD. a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

       Defendant.
_____/

**COMPLAINT**

Plaintiff RICHARD WEST, a Massachusetts citizen and resident, sues Defendant, NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff RICHARD WEST is sui juris and is a resident and citizen of the State of Massachusetts.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE LINES." For federal jurisdictional purposes, Defendant NCL (BAHAMAS) LTD. is both a

WEST v. NCL, ETC.
CASE NO.

citizen of Bermuda and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a resident and citizen of the State of Massachusetts and the Defendant is a citizen of Florida for purposes of 28 U.S.C. §1332 since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. §1332. The injuries and damages alleged in Paragraphs 13 and 14 below, including a distal quadriceps tendon rupture with an avulsion fracture that resulted in Foot Drop, support an award of damages in excess of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff

gave the Defendant timely written notice of her claim as required by the ticket contract, and now files suit within the time period provided by the ticket contract as amended by stipulation of the company.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "GETAWAy."

11. At all material times, including the accident date of April 15, 2019, the Plaintiff was a fare paying passenger aboard the M/S GETAWAY and in that capacity was lawfully present aboard the vessel.

12. On or about April 15, 2019, there existed a hazardous or dangerous condition aboard the M/S GETAWAY on Deck 15; to-wit: a wet, foreign, or transitory substance on the ground.

13. At the time and place referred to in the preceding paragraph, the Plaintiff, while attempting to traverse deck 15, slipped on the wet, foreign, or transitory substance and fell, and sustained serious injuries including a ruptured quadriceps, an avulsion fracture, and resulting Foot Drop.

14. The Defendant is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL, including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

15. At all material times, Defendant knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that

WEST v. NCL, ETC.
CASE NO.

occurred on that flooring material aboard the GETAWAY and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017). Moreover, upon information and belief GETAWAY has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet. In addition, GETAWAY knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time, in excess of twenty minutes, for the employees to appropriately detect the dangerous substance and take corrective measures. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201, 203 (11th Cir. 2019); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019).

16. As a direct and proximate result of the slip and fall referenced in the preceding paragraph, the Plaintiff RICHARD WEST was injured in and about his body and extremities, sustained injuries, suffered pain and mental anguish therefrom, incurred past and future medical and related expenses in the treatment of his injuries, sustained disability, physical impairment, loss of future earning capacity, and suffered shame, humiliation, and the loss of capacity to enjoy life. These damages are permanent or continuing in their nature and the Plaintiff RICHARD WEST will continue to sustain these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

17. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

18. At all material times Defendant NORWEGIAN CRUISE LINES owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the decks and walkways on its vessel in a condition reasonably safe for passengers traversing them.

19. At all material times Defendant NORWEGIAN CRUISE LINES was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "M/S GETAWAY" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

20. At all material times there existed a hazardous condition on the "M/S GETAWAY," to-wit: a wet, foreign, or transitory substance on Deck 15, upon which the Plaintiff slipped and fell, thereby sustaining serious injuries.

21. At all material times, the hazardous condition referred to in the preceding paragraph was in a high traffic area regularly traversed by large numbers of passengers and crewmembers on board the vessel.

22. At all material times, Defendant knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that flooring material aboard the GETAWAY and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017). Moreover, upon information and belief GETAWAY has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet. In addition, GETAWAY knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time, in excess of twenty minutes, for the employees to appropriately detect the dangerous substance and take corrective measures. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 20123.

23. Notwithstanding the actual or constructive knowledge of NORWEGIAN CRUISE LINES and its crewmembers alleged above, NORWEGIAN CRUISE LINE'S crewmembers on board the "M/S GETAWAY" responsible for maintenance of the vessel failed adequately to

WEST v. NCL, ETC.
CASE NO.

inspect the walking/jogging pathway on which the Plaintiff fell for hazards such as the protruding lounge chair, and failed to maintain Deck 15 before the Plaintiff slipped and fell as alleged above by cleaning the wet, foreign or transitory substance, cordoning off the area, redirecting passengers, or otherwise.

24. Since the acts and omissions of crewmembers referred to above are acts and omissions of NORWEGIAN CRUISE LINE'S crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, NORWEGIAN CRUISE LINE is vicariously liable for these negligent acts and omissions by its crewmembers.

25. As a direct and proximate result of the negligent acts or omissions of crewmembers alleged above, for which NORWEGIAN CRUISE LINE is vicariously liable as alleged above, the Plaintiff RICHARD WEST has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

27. At all material times Defendant NORWEGIAN CRUISE LINES owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to warn her adequately of potential slip and fall hazards on onboard decks and walkways.

28. At all material times Defendant NORWEGIAN CRUISE LINES was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the

"M/S BLISS" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

29. At all material times there existed a slip and fall hazard on Deck 15 of the "M/S GETAWAY" to-wit: a wet, foreign, or transitory substance, upon which the Plaintiff slipped and fell, thereby sustaining serious injuries.

30. At all material times, Defendant knew or should have known that the subject flooring was unreasonably dangerous because of its knowledge of prior similar incidents that occurred on that flooring material aboard the GETAWAY and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336, 1341 (S.D. Fla. 2017). Moreover, upon information and belief Defendant has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet. In addition, Defendant knew or should have known of the dangerous wet, foreign or transitory substance on the floor because it had employees in the area and there was sufficient time, in excess of twenty minutes, for the employees to appropriately detect the dangerous substance and take corrective measures. *See Plott v. NCL America, LLC*, 786 Fed. Appx. 199, 201

31. Notwithstanding the actual or constructive knowledge of NORWEGIAN CRUISE LINES and its crewmembers alleged above, NORWEGIAN CRUISE LINE'S crewmembers on board the "M/S GETAWAY" responsible for warning passengers of slip and fall hazards failed adequately to warn passengers of the hazard posed by the wet, foreign, or transitory substance through appropriate signage or markings, oral or written warnings, or otherwise.

32. Since the acts and omissions of crewmembers referred to above are acts and omissions of NORWEGIAN CRUISE LINE'S crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, NORWEGIAN CRUISE LINE is vicariously liable for these

WEST v. NCL, ETC.
CASE NO.

negligent acts and omissions by its crewmembers.

33. As a direct and proximate result of the negligent acts or omissions of crewmembers alleged above, for which NORWEGIAN CRUISE LINE is vicariously liable as alleged above, the Plaintiff RICHARD WEST has sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 15th day of April, 2021.

> **s/NICHOLAS I. GERSON**
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> filing@gslawusa.com
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> RAUL G. DELGADO II, Esq.
> Florida Bar No. 94004
> GERSON & SCHWARTZ, P.A.
> Attorneys for Plaintiff
> 1980 Coral Way
> Miami, FL 33145-2624
> Telephone:  (305) 371-6000
> Facsimile:  (305) 371-5749